**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DISCOVERORG DATA, LLC, | § | |
| | § | Civil No. |
| Plaintiff, | § | |
| | § | |
| v. | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| AVITURE, INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff DiscoverOrg Data, LLC ("DiscoverOrg"), for its complaint against Aviture, Inc. ("Aviture"), alleges as follows:

## INTRODUCTION

DiscoverOrg curates a highly accurate database of information used by businesses worldwide in connection with their business-to-business sales, marketing, and recruiting. DiscoverOrg invests millions of dollars annually to build and maintain its database and associated intellectual property and to constantly verify, update, and expand upon the information it provides to customers. To use this database, DiscoverOrg's customers pay tens and sometimes hundreds of thousands of dollars in subscription fees. The success of DiscoverOrg's business model depends on a customer's faith on the continued availability—and exclusivity—of DiscoverOrg's database.

Instead of paying for a subscription like other customers, Aviture stole nearly 100,000 records from DiscoverOrg's database, which it used for years to market its products and services. DiscoverOrg brings this suit to protect its highly valuable intellectual property, recover its damages, and ensure fairness for itself and for its customers.

## PARTIES

1.      DiscoverOrg is a Delaware limited liability company. Its principal place of business is located in Vancouver, Washington.

2.      Aviture, Inc. is a Texas corporation.  Its principal place of business is located in Omaha, Nebraska.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Aviture, because it is incorporated in this district.  Venue is proper in this district, because Aviture resides in this district.  28 U.S.C. §§ 1391(b)(1) and 28 U.S.C. § 1400(a).

## FACTS AND ALLEGATIONS

**A.  DiscoverOrg's Platform.**

5.      DiscoverOrg provides business-to-business marketing data including business contact data, firmographic information, and other competitive intelligence.  It delivers this data to paying subscribers via a password-secured, online graphical user interface.  DiscoverOrg's subscribers gain access to its database of marketing information profiling businesses in the United States and across the globe.  DiscoverOrg has been recognized as an industry leader in sales and marketing intelligence.  The depth, breadth, and accuracy of DiscoverOrg's database is unrivaled in the marketplace.

6.      DiscoverOrg has invested and continues to invest tens of millions of dollars to develop and maintain the infrastructure, content, and quality of its database.  To deliver timely and comprehensive data to DiscoverOrg's clients, DiscoverOrg employs approximately 200 research analysts focused on building, managing, and updating DiscoverOrg's database.  DiscoverOrg expends substantial labor, time, and resources to collect, organize, and disseminate the information in its database.  In total, DiscoverOrg employs more than 1,000 people and has made significant investment in developing and purchasing software, hardware, and other equipment to continuously update and support the accuracy and comprehensiveness of its database.  DiscoverOrg's database displays the selection, arrangement, orchestration, compilation, and presentation of the

organizational charts, contacts, and other information collected and assembled by DiscoverOrg's analysts.

7.      DiscoverOrg licenses access to its database to thousands of companies. DiscoverOrg's database is valuable to companies like Aviture because they use the detailed information collected by DiscoverOrg to market their own products and services.

8.      The database's value depends on its exclusivity.  To protect the database's value, DiscoverOrg has implemented reasonable security measures.   For example, access to DiscoverOrg's database requires a password, and only users that have signed restrictive license agreements receive this password.  DiscoverOrg also uses mail monitoring and list protection to secure the integrity of its database.

**B.  Aviture's Wrongful Conduct.**

9.      Instead of acquiring a license from DiscoverOrg to access the proprietary and confidential subscriber-only portions of the platform, Aviture, without authorization from DiscoverOrg, obtained and used passwords and login credentials issued to other DiscoverOrg clients in order to access DiscoverOrg's proprietary information and use it to sell Aviture's products.  An IP address linked to Aviture was captured accessing DiscoverOrg's platform in this fashion on dozens of occasions, remaining active in the database for hours at a time. This conduct presents a critical threat to DiscoverOrg: if everyone did what Aviture has done, DiscoverOrg could not survive as a business, and the resource DiscoverOrg provides to its customers would be completely lost.  Through its actions, Aviture sought to enjoy a "free ride" off of the license fees paid by DiscoverOrg's legitimate customers.

10.     From November of 2017 to March of 2019, Aviture accessed DiscoverOrg's database via its online user interface, running searches, viewing, and downloading the proprietary information displayed therein.  During that period, Aviture downloaded nearly 100,000 records from DiscoverOrg's database and commercially exploited that information for its sales and marketing purposes, including by conducting email marketing campaigns using the stolen data.

11.     Aviture acted knowingly, intentionally, and willfully in accessing and using DiscoverOrg's proprietary information without authorization and in viewing and downloading DiscoverOrg's confidential and proprietary information.  Aviture circumvented DiscoverOrg's security system and unlawfully accessed DiscoverOrg's database to gain the commercial benefit thereof without compensating DiscoverOrg.  Aviture wrongfully profited from its unauthorized use of DiscoverOrg's proprietary information, including, but not limited to, by reducing the time, effort, and expense associated with identifying and contacting potential new customers and business opportunities.

12.     At all relevant times, Aviture had a duty to train and supervise the conduct of its employees and agents acting on its behalf.  Aviture breached this duty in two ways:

(1) by failing to train and monitor its employees and agents adequately; and

(2) by failing to have appropriate policies in place regarding unauthorized access to computer systems, communication, storage networks, and copyrighted works and trade secrets, and/or failing to enforce such policies.

13.     On information and belief, all of Aviture's alleged actions here were performed by employees or other agents of Aviture within the scope of their employment or other agency relationships with Aviture, on Aviture's behalf, and for Aviture's benefit.

## FIRST CLAIM FOR RELIEF

### (Theft of Trade Secrets - 18 U.S.C. § 1832 et seq.)

14.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 13.

15.     DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially valuable information (including reporting structures, contact information, and other data), expending substantial time, labor, and expense to do so.  DiscoverOrg's database and the information contained therein comprise a compilation of business information.  This information is used in interstate commerce.

16.     The compilation of information in DiscoverOrg's database derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, those who are not licensed by DiscoverOrg to access the database. Specifically, DiscoverOrg works as a subscriber-based platform; to gain access to DiscoverOrg's collection of information, subscribers must pay a fee. Therefore, DiscoverOrg's very business model depends on the secrecy and independent value of its information. If subscribers could get DiscoverOrg's information elsewhere for free or by paying less, they would. Non-licensees, such as Aviture, obtain economic value from the disclosure or use of the information in DiscoverOrg's database.

17.     DiscoverOrg has taken reasonable measures to protect and keep the information in its database secret. These measures include limiting access to those customers who agree to the terms of access in the licensing agreement and requiring password authentication to access the database through its secure online portal. DiscoverOrg also monitors access to the database and use of the information to further ensure its security.

18.     Aviture used improper means, including theft, to obtain access to and acquire information from DiscoverOrg's database. Aviture knew or had reason to know, at the time it obtained and at the times it used DiscoverOrg's information, that this information was obtained from persons or entities owing DiscoverOrg a duty to maintain its secrecy.

19.     Aviture received and possessed information from DiscoverOrg's proprietary database that Aviture knew to have been converted without authorization.

20.     Aviture willfully and maliciously misappropriated DiscoverOrg's trade secrets by using the information contained in DiscoverOrg's proprietary computer systems for Aviture's financial gain without authorization.

21.     Aviture's actions have damaged DiscoverOrg through the lost opportunity to realize licensing revenue and the diminution of the market value of its proprietary information. Aviture has been unjustly enriched by the use of valuable marketing and sales information without paying compensation and through the consummation of business transactions that would not have

occurred without use of the stolen information. DiscoverOrg would, in the alternative, be entitled to a reasonable royalty for Aviture's use of the information.

22. Aviture is liable to DiscoverOrg for damages for DiscoverOrg's actual losses and Aviture's unjust enrichment, in an amount to be proven at trial, or for a reasonable royalty pursuant to 18 U.S.C. § 1836(b)(3)(B). DiscoverOrg is entitled to an injunction preventing Aviture from continuing to possess or use information obtained from DiscoverOrg's database, or requiring Aviture to pay a reasonable royalty for future use. Finally, DiscoverOrg is entitled to exemplary damages under 18 U.S.C. § 1836(b)(3)(C), and to its reasonable attorney's fees under 18 U.S.C. § 1836(b)(3)(D).

## SECOND CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets – Tex. Civ. Prac. & Rem. Code, § 134A.001 et seq.)

23. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 22.

24. Aviture is liable to DiscoverOrg for damages for DiscoverOrg's actual losses and Aviture's unjust enrichment, in an amount to be proven at trial. DiscoverOrg is entitled to an injunction preventing Aviture from continuing to possess or use information obtained from DiscoverOrg's database, or requiring Aviture to pay a reasonable royalty for future use. Finally, DiscoverOrg is entitled to exemplary damages under Tex. Civ. Prac. & Rem. Code § 134A.004(b), and to its reasonable attorney's fees under Tex. Civ. Prac. & Rem. Code § 134A.005.

## THIRD CLAIM FOR RELIEF

### (Misappropriation)

25. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 24.

26. DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially valuable information (including reporting structures, contact information, and other data) expending substantial time, labor, and expense to do so.

27.     Aviture intentionally and without permission used information from DiscoverOrg's database to increase its profits.  Aviture has taken a "free ride" on DiscoverOrg's skill, labor, and costly and substantial efforts in creating and securing its commercially valuable database.

28.     DiscoverOrg has lost profits and suffered the diminution of the market value of its database because of Aviture's actions.   As a result, Aviture is liable to DiscoverOrg for compensatory damages including wrongfully derived revenues in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Violation of the Computer Fraud and Abuse Act)

29.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 28.

30.     DiscoverOrg's computer system and database comprise "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2).

31.     Aviture, without authorization from DiscoverOrg, obtained and used passwords and login credentials issued to other DiscoverOrg clients in order to access DiscoverOrg's proprietary information and use it to sell Aviture's products.  Thus, Aviture, knowingly and with the intent to defraud DiscoverOrg, accessed DiscoverOrg's protected computers without authorization and thereby obtained valuable information from such protected computers using interstate communication.

32.     Aviture's actions constitute violations of 18 U.S.C. §§ 1030(a)(2)(C) and 1030(a)(4).

33.     Aviture's unauthorized access to DiscoverOrg's computer system has caused loss to DiscoverOrg exceeding $5,000 in value.

34.     By reason of the foregoing, DiscoverOrg is entitled to compensatory damages in an amount to be determined at trial pursuant to 18 U.S.C. § 1030(g).

## FIFTH CLAIM FOR RELIEF

### (Trespass to Chattels)

35.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 34.

36.     DiscoverOrg owns a computer system that houses its proprietary electronic database.  DiscoverOrg grants password access to this system only to its clients.

37.     Aviture intentionally accessed DiscoverOrg's computer system without authorization and thereby interfered with DiscoverOrg's possessory interest in its computer systems.

38.     As a result of Aviture's trespass to DiscoverOrg's computer system, Aviture caused damage to DiscoverOrg's database including, but not limited to, the diminution in the market value of DiscoverOrg's computerized data and information stored on such computer system. By reason of the foregoing, Aviture is liable to DiscoverOrg for compensatory damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Copyright)

### Count 1 — Copyright Infringement 17 U.S.C. § 501 *et seq.*

39.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 38.

40.     DiscoverOrg's database is an original work of authorship containing copyrightable subject matter for which copyright protection exists under the Copyright Act.  DiscoverOrg has filed for copyright registration with the United States Copyright Office in compliance with 17 U.S.C. § 101 *et seq.*  DiscoverOrg's copyright was registered December 27, 2010, with registration number TX0007487999.

41.     As owner of all right, title, and interest in and to the copyrighted works, DiscoverOrg is entitled to all the exclusive rights and remedies accorded by Section 106 of the

Copyright Act to a copyright owner.  Those rights include the exclusive rights to reproduce the copyrighted works and to sell non-exclusive licenses to those copyrighted works.

42.     Aviture made and used copies of DiscoverOrg's copyrighted material without authorization or license from DiscoverOrg.  Aviture used those copies for Aviture's financial gain without paying DiscoverOrg.  In doing so, Aviture violated DiscoverOrg's exclusive rights of reproduction and distribution.

43.     At all relevant times, Aviture had the duty and the ability to supervise and monitor the actions its employees and agents.  Aviture's employees performed their actions within the scope of their employment and on Aviture's behalf and for its direct financial benefit.

44.     Aviture knowingly induced, caused, facilitated, encouraged, and/or or materially contributed to the infringing conduct.

45.     Aviture's willful infringing conduct has disregarded DiscoverOrg's rights.

46.     As a direct and proximate result of the foregoing acts, DiscoverOrg has been and will continue to be harmed.  Under 17 U.S.C. § 504(b), DiscoverOrg is entitled to its actual damages, including any and all of Aviture's profits attributable to its wrongful conduct, or statutory damages under 17 U.S.C. § 504(c).  DiscoverOrg is also entitled to its costs, including reasonable attorney's fees, under 17 U.S.C. § 505.

## Count 2 — Circumvention of Copyright Protection Systems

### (17 U.S.C. §§ 1201, 1203)

47.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 46.

48.     DiscoverOrg employs technical measures including password-protection, mail monitoring, and list protection to protect its copyrighted works.  These works include its database, business intelligence reports, and supporting infrastructure, which effectively control access to these works.

49.     Aviture, without authorization, circumvented these measures to access and use DiscoverOrg's copyrighted works.

50.     As a direct and proximate result of the foregoing acts, DiscoverOrg has been and will continue to be harmed.  DiscoverOrg is entitled to its actual damages, in addition to any of Aviture's profits attributable to its conduct, under 17 U.S.C. § 1201(c)(1)-(2).  In the alternative, DiscoverOrg is entitled to statutory damages under 17 U.S.C. § 1201(c)(3).  DiscoverOrg is also entitled to its reasonable attorney's fees and costs under 17 U.S.C. § 1203(b)(4)-(5).

## SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

51.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 50.

52.     Aviture used DiscoverOrg's commercially valuable data without paying DiscoverOrg.  This action benefitted and unjustly enriched Aviture to DiscoverOrg's detriment.

53.     Aviture is therefore liable to DiscoverOrg for this unjust enrichment in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### (Negligence)

54.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 53.

55.     At all relevant times, Aviture had a duty to take reasonable care in training and supervising its employees and other agents acting on its behalf.

56.     Aviture breached this duty in two ways: (1) by failing to train and supervise its employees regarding basic data security obligations; and (2) by allowing its employees to participate in the unlawful conduct alleged above.  A reasonable entity would have implemented and enforced a policy banning this kind of conduct.  Aviture failed to do so.

57.     It is foreseeable that the failure to train and supervise employees and other agents about appropriate methods for obtaining sales and marketing information for the benefit of Aviture would harm DiscoverOrg.

58.     As a direct and proximate cause of Aviture's negligence, DiscoverOrg lost profits. Aviture's negligence also reduced the market value of DiscoverOrg's database.  Aviture is therefore liable to DiscoverOrg for compensatory damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, DiscoverOrg prays for the following relief:

1.     Entry of judgment in its favor and against Aviture on all counts;

2.     A declaration that Aviture's unlawful conduct was willful and knowing;

3.     As to its First Claim for Relief, DiscoverOrg's actual damages, restitution for Aviture's unjust enrichment, or a reasonable royalty, in an amount to be proven at trial;

4.     As to its Second Claim for Relief, DiscoverOrg's actual damages, restitution for Aviture's unjust enrichment, or a reasonable royalty, in an amount to be proven at trial;

5.     As to its Third Claim for Relief, compensatory damages in an amount to be proven at trial;

6.     As to its Fourth Claim for Relief, compensatory damages in an amount to be proven at trial;

7.     As to its Fifth Claim for Relief, compensatory damages in an amount to be proven at trial;

8.     As to its Sixth Claim for Relief, actual damages in an amount to be proven at trial, or statutory damages as provided for by 17 U.S.C. § 504(c) and 17 U.S.C. § 1201(c)(3);

9.     As to its Seventh Claim for Relief, restitution for Aviture's unjust enrichment;

10.    As to its Eighth Claim for Relief, compensatory damages in an amount to be proven at trial;

11.    An award of exemplary damages for Aviture's willful and knowing infringement, theft, and misappropriation;

12.    Immediate and permanent injunctive relief enjoining Aviture from using DiscoverOrg's trade secrets, copyrighted materials, and misappropriated products and services, or requiring Aviture to pay a reasonable royalty for future use;

13.     An award of DiscoverOrg's costs of suit, including the costs of experts and reasonable attorneys' fees as permitted by law, including 18 U.S.C. § 1836(b)(3)(D), 17 U.S.C. § 505, and 17 U.S.C. §§ 1203(b)(4)-(5); and Tex. Civ. Prac. & Rem. Code § 134A.005.

14.     An award of pre- and post-judgment interest; and such other relief as the Court may deem just and equitable.

DATED:  January 15, 2020

Respectfully submitted,

FORD & HARRISON LLP

By:   */s/ Rachel Z. Ullrich*
          Rachel Z. Ullrich
          ATTORNEY IN CHARGE
          Texas Bar No. 24003234
          RUllrich@fordharrison.com
          1601 Elm Street, Suite 4450
          Dallas, Texas  75201
          Telephone:  (214) 256-4700
          Facsimile:  (214) 256-4701

**OF COUNSEL:**

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

and

Darin M. Sands, Bar No. 257363
(Motion to appear *pro hac vice* to be filed)
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200
Email: sandsd@lanepowell.com

**ATTORNEYS FOR PLAINTIFF
DISCOVERORG DATA, LLC**