IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DISCOVERORG DATA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-0104-E |
| | § | |
| AVITURE INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (Doc No. 10).  Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and under Rule 12(b)(7) for failure to join necessary parties.  For reasons that follow, the Court denies the motion.

In its complaint, Plaintiff DiscoverOrg Data LLC alleges that it provides businesses with marketing data.  It delivers the data to paying subscribers through a password-protected online interface.  Plaintiff contends Defendant Aviture, Inc., without authorization from Plaintiff, obtained and used login credentials issued to Plaintiff's clients to access Plaintiff's proprietary information and used it to sell Defendant's products for more than two years.  Plaintiff alleges Defendant downloaded nearly 100,000 records from Plaintiff's database.  It further alleges Defendant's actions were performed by its employees or agents within the scope of their employment or other agency relationships on Defendant's behalf and for its benefit.  Plaintiff asserts the following claims:  1) theft of trade secrets under 18 U.S.C. § 1832; 2) misappropriation of trade secrets under Texas Civil Practice and Remedies Code § 134A.001; 3) misappropriation; 4) violations of the Computer Fraud and Abuse Act 18 U.S.C. §1030; 5) trespass to chattels; 6)

copyright infringement under 17 U.S.C. § 501; 7) circumvention of copyright protection systems under 17 U.S.C. §§ 1201, 1203; 8) unjust enrichment; and 9) negligence.

Defendant moves to dismiss all of Plaintiff's claims under Rule 12(b)(6).  To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon review of the complaint, motion to dismiss, Plaintiff's response, and Defendant's reply, the Court concludes Plaintiff has pleaded specific facts which establish a plausibility of entitlement to relief on all its causes of action.  Accordingly, Defendant's motion to dismiss under Rule 12(b)(6) is denied.

Defendant also moves to dismiss under Rule 12(b)(7) for Plaintiff's failure to join necessary parties.  In its motion, Defendant asserts that Plaintiff's claims arise out of the "supposed unauthorized access" of Plaintiff's database by two "rogue" employees of Defendant, Michael Pooley and Sidney Pinney.  According to Defendant, Pooley and Pinney obtained login credentials to access Plaintiff's database through licensed access granted to their respective former employers, International Business Machines Corporation (IBM) and Toptal, LLC.  Defendant asserts Pooley and Pinney acted without its knowledge and outside the scope of their employment, and not for Defendant's benefit.  Defendant maintains that IBM, Toptal, Pinney, and Pooley are necessary parties to this lawsuit.  Plaintiff's complaint does not name IBM, Toptal, Pinney, or Pooley.  Defendant contends IBM and Toptal are necessary parties because these companies failed to terminate Pooley's and Pinney's login credentials when they left their employment.  Regarding Pooley and Pinney, Defendant argues that it is not responsible for their actions.  It thus contends that Pooley and Pinney are necessary parties.

Rule 12(b)(7) allows dismissal for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7); *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. *HS Res.*, 327 F.3d at 438. It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined. *Id.* The party advocating joinder has the initial burden of demonstrating that a missing party is necessary. *Hood ex rel. Ms. v. City of Memphis, Tn.*, 570 F.3d 625, 628 (5th Cir. 2009).

Rule 12(b)(7) analysis entails two inquiries under Rule 19. *HS Res.*, 327 F.3d at 439. First, the court must determine whether a person or entity should be joined to the lawsuit. *Id.*; *see* FED. R. CIV. P. 19(a). Rule 19(a) provides that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: 1) in that person's absence, the court cannot accord complete relief among existing parties; or 2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may either a) impair or impede the person's ability to protect the interest or b) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. FED. R. CIV. P. 19(a)(1). If joinder is warranted, then the person or entity will be brought into the lawsuit. *HS Res.*, 327 F.3d at 439.

If such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or entity or whether to dismiss the litigation. *Id.* Factors to consider under Rule 19(b) include: 1) prejudice to an absent party or others in the lawsuit from a judgment; 2) whether the shaping of relief can lessen prejudice to absent parties; 3) whether adequate relief can be given without participation of the party; and 4) whether the plaintiff has another effective forum if the suit is dismissed. *Id.*

In response to the motion, Plaintiff argues that absent exceptional circumstances, it is entitled to structure its lawsuit as it sees fit. It chose to proceed solely on the basis of Defendant's conduct. Plaintiff asserts that no exceptional circumstances are present and Defendant has not met its burden of establishing any of the four parties are necessary under Rule 19. Defendant did not reply to Plaintiff's response on the issue of joinder.

The Court agrees with Plaintiff. It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *Nottingham v. Gen. Am. Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). "[A] tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability." *Temple*, 498 U.S. at 7 (quoting advisory committee notes to Rule 19(a)). Defendant has not shown or even argued that complete relief cannot be accorded among the existing parties. Defendant has not met the threshold requirements of Rule 19(a), so no analysis is necessary under Rule 19(b). Defendant's motion to dismiss is denied in its entirety.

**SO ORDERED.**

Signed September 9, 2020.

ADA BROWN
UNITED STATES DISTRICT JUDGE